UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CREDEUR'S SPORTSHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR | CIVIL ACTION NO. ______________ |
| VERSUS | JUDGE: __________________________ |
| JAL EQUITY CORP. | MAGISTRATE: ___________________ |

**INDEX OF DOCUMENTS/**
**CERTIFICATE OF COMPLIANCE**

NOW INTO COURT, through undersigned counsel, comes JAL EQUITY CORP., Defendant in the above captioned matter who, in response to the Order of the Clerk of Court, responds as follows:

1.

The following is a list of attorneys involved in this action and the parties they represent:

| Attorneys | Party Representing |
|---|---|
| Steven C. Lanza<br>Emily Breaux<br>Onebane Law Firm<br>P.O. Box 3507<br>Lafayette, LA 70502-3507<br>337-266-1266 - phone<br>337-266-1232 - fax | Plaintiffs, Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr., and Alma B. Credeur |

2.

The following is a list of documents filed in the State Court record from which this matter was removed, arranged by order of filing date:

| Filing Date | Document Description |
|---|---|
| 3-8-2021 | Petition for Damages and Request for Notice of Date of Trial, Etc., with accompanying cover letter from Steven Lanza |
| 3-9-2021 | Citation issued to Jal Equity Corp. along with postmark to Onebane Law Firm |

3.

Attached hereto in compliance with the Order is a copy of the documents referred to above.

ALLEN & GOOCH
A Law Corporation

***s/Robert A. Robertson***
**CADE A. EVANS, #24405**
**ROBERT A. ROBERTSON, #27060**
2000 Kaliste Saloom Rd., Ste. 400 (70508)
P.O. Box 81129
Lafayette, LA 70598-1129
337-291-1330 - phone
337-291-1335 - fax
Email: cadeevans@allengooch.com
tonyrobertson@allengooch.com
Counsel for Defendant, JAL Equity Corp.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was this day filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Lafayette, Louisiana, this 15th day of April, 2021.

**s/Robert A. Robertson**
**ROBERT A. ROBERTSON (Bar #27060)**

ONEBANE
LAW FIRM
*A Professional Corporation*

Post Office Box 3507
Lafayette, LA 70502-3507
Main: 337-237-2660
Fax: 337-266-1232

**STEVEN C. LANZA**
lanza@onebane.com
337-266-1266

1200 Camellia Boulevard
Suite 300
Lafayette, LA 70508
www.onebane.com

March 5, 2021

**VIA FEDERAL EXPRESS**

Clerk of Court
Parish of St. Landry
Attn: Civil Processing
118 South Court Street, Suite 207
Opelousas, LA 70570

03/08/21 09:21:30
St. Landry Parish Clerk

Re: Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and Alma B. Credeur versus JAL Equity Corp.

Dear Clerk:

Enclosed herewith is an original ***Petition*** plus two (2) copies and a ***Request for Notice*** that I transmit on behalf of my clients, Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and Alma B. Credeur. Please file the Petition (as a new suit) and the Request for Notice in the record and return a filed-stamped copy to me in the self-addressed stamped envelope.

Additionally, please note that service upon the defendant shall be pursuant to Louisiana Long Arm Service; therefore, please return the certified citation and Petition to me for serving the defendant in accordance with La. R.S. 13:3201, et seq.

Enclosed is a check from Mr. and Mrs. Credeur made payable to St. Landry Parish Clerk of Court in the amount of $375.00 to cover the costs of filing.

With kind regards, I remain

Very truly yours,

STEVEN C. LANZA

SCL/jbs
Enclosures

3559290.v1

| | | |
|---|---|---|
| CREDEUR'S SPORTSHOUSE, INC. PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR | * | 27th JUDICIAL DISTRICT COURT |
| | * | ST. LANDRY PARISH |
| VERSUS | * | STATE OF LOUISIANA |
| JAL EQUITY CORP. | * | DOCKET NO. 21-C-0854-C |

******************************************************************************

**PETITION**

NOW INTO COURT, through undersigned counsel, come and appear: (a) **CREDEUR'S SPORTSHOUSE, INC.**, a Louisiana corporation, (b) **PERCY FRED CREDEUR, JR.**, a person of lawful age residing in Lafayette Parish, Louisiana; and (c) **ALMA B. CREDEUR**, a person of lawful age residing in Lafayette Parish, Louisiana, who set forth their Petition as follows:

1.

Made defendant herein is **JAL EQUITY CORP.** ("JAL Equity"), a Nevada corporation: (a) which is "transacting business" in the State of Louisiana pursuant to terms of Louisiana Revised Statute 13:3201; (b) which is a "non-resident" pursuant to the terms of Louisiana Revised Statute 13: 3206; (c) which is not licensed to conduct business in the State of Louisiana since it has not filed with the Louisiana Secretary of State to become qualified to do business in this state; and (d) which this Honorable Court has personal jurisdiction over pursuant to the terms of Louisiana Revised Statute 13:3201.

2.

Venue is proper in St. Landry Parish, Louisiana in the above-captioned matter pursuant to the terms of Louisiana Revised Statute 13:3202, pursuant to the terms of Louisiana Code of Civil Procedure Article 76.1 and pursuant to the terms of Louisiana Revised Statute 23:921(A)(2). Substantially all (or at least a material portion) of the obligations undertaken by the parties in the Asset Purchase Agreement (as the term is defined below) were to be performed in St. Landry Parish, Louisiana.

3.

On or about January 31, 2020, Credeur's Sportshouse, Inc. ("Sportshouse"), Percy Fred Credeur, Jr. ("Fred") and Alma B. Credeur ("Alma") executed an "Asset Purchase Agreement" wherein JAL Equity was the other signatory thereto (the "Asset Purchase Agreement").

St. Landry Parish Clerk
03/08/21 09:21:44

St. Landry Parish Clerk of Court's Office
Filed 3-8 20 21
Dy. Clerk

4.

Sportshouse -- who is defined in the Asset Purchase Agreement as the "Seller" of the assets sold -- is owned by Fred and Alma.

5.

Prior to the execution of the Asset Purchase Agreement, Sportshouse owned and operated a business in St. Landry Parish commonly known as "Credeur's Specialties," which was a full-service advertising specialties company offering a wide range of professional services and promotional products for customers ("Credeur's Specialties").

6.

Pursuant to the terms of the Asset Purchase Agreement, JAL Equity purchased substantially all of the assets of Sportshouse related to Credeur's Specialties.

7.

The Asset Purchase Agreement obligated JAL Equity to various covenants, agreements and obligations, including (without limitation) the covenants, agreements and obligations described hereinbelow.

**FAILURE TO PAY ACCOUNTS RECEIVABLE**

8.

Pursuant to Section 4.2 of the Asset Purchase Agreement, as partial consideration for the sale of assets, JAL Equity agreed to use its best efforts to collect the accounts receivable of Sportshouse, which were set forth on Schedule 2.2(b) to the Asset Purchase Agreement (the "Accounts Receivable").

9.

Pursuant to Section 4.2 of the Asset Purchase Agreement, as further partial consideration for the sale of assets, on a monthly basis beginning on May 1, 2020, JAL Equity agreed to pay to Fred and Alma the sum equal to ninety-five percent (95%) of all collected Accounts Receivable, less and except the amount of the Accounts Receivables required for JAL Equity to pay the accounts payable of Sportshouse which were described on Schedule 2.3(b) to the Asset Purchase Agreement.

10.

Pursuant to Section 4.2 of the Asset Purchase Agreement, as further partial consideration for the sale of assets, on and after March 1, 2020, JAL Equity agreed to provide updates to Fred

and Alma at the beginning of each month with regard to all amounts of such Accounts Receivable collected by JAL Equity.

11.

To date, despite amicable demand, JAL Equity has failed and refused to pay its obligations as referenced in Paragraphs 9 and 10 above; therefore, JAL Equity in in breach of the referenced provisions of the Asset Purchase Agreement.

**FAILURE TO PAY DEFERRED PORTION OF PURCHASE PRICE**

12.

Pursuant to Section 4.2 of the Asset Purchase Agreement, as partial consideration for the sale of assets, JAL Equity agreed to pay to Fred and Alma the principal sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with five percent (5%) interest on the unpaid principal balance from July 1, 2020 until paid in full, as a deferred portion of the purchase price for the sale of assets to JAL Equity (the "Deferred Purchase Price").

13.

JAL Equity was obligated to pay the Deferred Purchase Price to Fred and Alma in twenty-four (24) equal monthly installments of principal and interest in the amount of $3,290.31 each, with the first such installment payment due on July 31, 2020, and with each subsequent installment payment due on the last day of each month thereafter.

14.

To date, despite amicable demand, JAL Equity has failed and refused to perform any its obligations as referenced in Paragraphs 12 and 13 above; therefore, JAL Equity is in breach of the referenced terms of the Asset Purchase Agreement.

**FAILURE TO PAY AMOUNTS OWED PURSUANT TO**

**EMPLOYMENT AGREEMENT**

15.

Pursuant to the terms of Section 4.4(a) and (b) of the Asset Purchase Agreement, from February 1, 2020 through October 31, 2020 (the "Employment Period"), as partial consideration for the sale of assets, JAL Equity agreed to employ Fred Credeur on a fixed-term employment basis in order to perform various transitional duties; provided, however, that with the joint consent of both JAL Equity and Fred, the Employment Period could be terminated earlier than the end of the Employment Period "once the Job Duties have been accomplished."

16.

Pursuant to the terms of Section 4.4(c) of the employment period, JAL Equity was obligated to pay Fred a "salary of Ninety Thousand Dollars ($50,000) per year, subject to applicable deductions and paid in installments" in accordance with JAL Equity's "regular payroll cycle."

17.

Pursuant to the terms of Section 4.4(d), JAL Equity agreed to provide Fred with a monthly expense stipend of two hundred and fifty dollars ($250.00) to cover any expenses incurred by Fred.

18.

Except for payments by JAL Equity to Fred of salary and monthly stipend as noted below, JAL Equity has failed and refused to make any other payments of such salary and monthly stipend to Fred, despite amicable demand; therefore, JAL Equity is in breach of the referenced provisions of the Asset Purchase Agreement.

19.

The payments of salary installment made by JAL Equity to Fred to date are as follows: (a) $1,742.50 (net amount) which was received by Fred on or about February 27, 2020; (b) $1,742.50 (net amount) which was received by Fred on or about March 11, 2020; (c) $1,742.50 (net amount) which was received by Fred on or about March 27, 2020; and (d) $491.31 (net amount) which was received by Fred on or about April 13, 2020. Fred only received one payment of the $250.00 monthly stipend or about March 11, 2020. Other than as noted above, JAL Equity has failed and refused to make payment to Fred of the salary and monthly stipend that JAL Equity agreed to pay in the Asset Purchase Agreement.

20.

Fred prays for judgment against JAL Equity in the amount of: (a) all unpaid salary and stipend amounts; and (b) "ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages" pursuant to the terms of Louisiana Revised Statute 23:632.

INDEMNIFICATION BY JAL EQUITY FOR ATTORNEY'S FEES AND EXPENSES

21.

Pursuant to the terms of Section 5.2.2 of the Asset Purchase Agreement, JAL Equity agreed to indemnify and hold Sportshouse, Fred and Alma harmless in connection with any claims, losses, damages, etc., including without limitation attorney's fees and expenses reasonably incurred by any of Sportshouse, Fred and/or Alma in connection with or resulting from the breach by JAL Equity of any covenant, agreement or obligation it assumed in the Asset Purchase Agreement.

22.

As a result of the breach by JAL Equity of various covenants, agreements and obligations it assumed in the Asset Purchase Agreement, Sportshouse, Fred and Alma have been forced to incur attorney's fees and expenses in connection with the filing and prosecution of the above-captioned matter, for which Sportshouse, Fred and Alma pray for reimbursement from JAL Equity in connection with the judgment against JAL Equity for which Sportshouse, Fred and Alma pray for in the above-captioned matter.

CONTRACTUAL INTEREST

23.

Pursuant to terms of Section 5.4 of the Asset Purchase Agreement, Sportshouse, Fred and Alma are also entitled to receive from JAL Equity statutory interest from the date the "loss or damage was sustained" by Sportshouse, Fred or Alma until such amount is paid in full by JAL Equity.

WHEREFORE, premises considered, Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and Alma B. Credeur hereby pray that after due proceedings, judgment be entered in their favor, and against JAL Equity Corp., at the sole cost of JAL Equity Corp., as follows:

(1) in the amount proven at trial with respect to all Accounts Receivable collection amounts to which Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and/or Alma B. Credeur are entitled as alleged in Paragraphs 9, 10 and 11 above;

(2) in the amount proven at trial with respect all Deferred Purchase Price to which Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and/or Alma B. Credeur are entitled as alleged in Paragraphs 12, 13 and 14 above;

(3) in the amount proven at trial with respect to all salary and stipend amounts to which Percy Fred Credeur, Jr. is entitled as alleged in Paragraphs 15, 16, 17, 18, 19 and 20 above, in

addition to "ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages" pursuant to the terms of Louisiana Revised Statute 23:632;

(4) in the amount proven at trial with respect to all attorney's fees and expenses to which Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and/or Alma B. Credeur are entitled as alleged in Paragraphs 21 and 22 above;

(5) in the amount proven at trial with respect to all statutory interest to which Credeur's Sportshouse, Inc., Percy Fred Credeur, Jr. and/or Alma B. Credeur are entitled as alleged in Paragraph 23 above; and

(6) FOR ALL GENERAL, EQUITABLE, INCIDENTAL AND/OR NECESSARY RELIEF, ETC.

Respectfully submitted:

ONEBANE LAW FIRM (APC)

By: ______________________

Steven C. Lanza (La. Bar No. 19668)
Emily Breaux Wright (La. Bar No. 37050)
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508
lanza@onebane.com
Fax: (337) 266-1232
Phone: (337) 237-2660

ATTORNEYS FOR CREDEUR'S SPORTSHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR

***SERVICE OF PROCESS ON JAL EQUITY CORP. SHALL BE MADE PURSUANT TO***

***LOUISIANA LONG-ARM STATUTE***
***(LA. R.S. 13:3204)***

JAL EQUITY CORP
Through its registered agent:
INCORP SERVICES, INC.
3773 Howard Hughes Pkwy.
Suite 500S
Las Vegas, NV 89169-6014

St. Landry Parish Clerk of Court's Office
Filed 3-8 20 21
Dy. Clerk

| | | |
|---|---|---|
| CREDEUR'S SPORTSHOUSE, INC. PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR | * | 27th JUDICIAL DISTRICT COURT |
| | * | ST. LANDRY PARISH |
| VERSUS | * | STATE OF LOUISIANA |
| JAL EQUITY CORP. | * | DOCKET NO. 21-C-0854-C |

******************************************************************************

**REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.**

TO THE CLERK OF THE COURT
of the 27th Judicial District Court
in and for Lafayette Parish, Louisiana:

Please take notice that Steven C. Lanza, of the Onebane Law Firm, counsel for CREDEUR'S SPORTSHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR hereby requests written notice of the date of trial of the above matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the judge or any member of the Court, as provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted:
ONEBANE LAW FIRM (APC)

By: ______________________

Steven C. Lanza (La. Bar No. 19668)
Emily Breaux Wright (La. Bar No. 37050)
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508
lanza@onebane.com
Fax: (337) 266-1232
Phone: (337) 237-2660

ATTORNEYS FOR CREDEUR'S SPORTSHOUSE, INC., PERCY FRED CREDEUR, JR. AND ALMA B. CREDEUR

St. Landry Parish Clerk of Court's Office
Filed 3-8 2021
Dy. Clerk

CITATION
STATE OF LOUISIANA

| CREDEURS SPORTSHOUSE INC ETAL | 27th JUDICIAL DISTRICT COURT |
| --- | --- |
| VS | PARISH OF ST. LANDRY |
| JAL EQUITY CORP | CIVIL NO. C-210854C |

TO THE DEFENDANT JAL EQUITY CORP, THROUGH ITS REGISTERED AGENT: INCORP SERVICES, INC. 3773 HOWARD HUGHES PKWY., SUITE 500S, LAS VEGAS, NV 89169-6014

You are hereby summoned to comply with the demand contained in the petition/of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 27th Judicial District Court in and for the Parish of St. Landry, State of Louisiana, within THIRTY (30) days after the service hereof, under penalty of default.

Witness the Honorable the Judges of said Court, this 8TH day of MARCH, A. D. 2021.

Issued and delivered March 9, 2021

Julie Nugent
Deputy Clerk of Court

REQUESTED BY: STEVEN C. LANZA (P1)

NEOPOST FIRST-CLASS MAIL
03/05/2021
US POSTAGE $000.71[0]



ZIP 70508
041M11296425

Attn: SCL

**ONEBANE LAW FIRM**
A PROFESSIONAL CORPORATION
PO BOX 3507
LAFAYETTE LA 70502-3507

Mailed 3.9.21