UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CREDEURS SPORTSHOUSE INC ET AL** | **CASE NO. 6:21-CV-01000** |
| **VERSUS** | **JUDGE JUNEAU** |
| **J A L EQUITY CORP** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to transfer venue filed by defendant JAL Equity Corp. ("JAL"). (Rec. Doc. 3). Plaintiffs oppose the motion. (Rec. Doc. 8). The motion is now fully briefed and properly before the Court for review. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motions before the Court be GRANTED.

## Factual Background

Negotiations between Plaintiffs Percy Fred Credeur "Fred Credeur[,]" Alma B. Credeur (collectively, "The Credeurs") and defendant JAL occurred in 2019 to form an agreement by which JAL would purchase Credeur's Sportshouse, Inc. ("Sportshouse"), a business owned and operated by the Credeurs. (Rec. Doc. 1-3).

1

The resulting Asset Purchase Agreement ("Agreement") provided for, among other things, a "Transition Employment Agreement" found at Section 4.4 of the Agreement, whereby Fred Credeur would remain an employee of Sportshouse under JAL for a defined period to aid in the transition. (Rec. Doc. 3-3). The Agreement also contained a forum selection clause as follows

> Section 6.2 GOVERNING LAW.
>
> (A) For any dispute filed by the Seller of Selling Shareholders, this Agreement shall be governed by, and construed and enforced in accordance with, the internal law, and not the law pertaining to the conflicts or choice of law, of the State of North Carolina. Venue and jurisdiction for any dispute filed by the Seller or Selling Shareholders hereunder shall be proper only in the State Court located in Wake County, North Carolina and /or in the Federal Court located in Raleigh, North Carolina.
>
> (B) For any dispute filed by the Company, this Agreement shall be governed by, and construed and enforced in accordance with, the internal law, and not the law pertaining to conflicts or choice of law, of the State of Louisiana. Venue and jurisdiction for any dispute filed by the Company hereunder shall be proper only in the State Court located in Opelousas, Louisiana and/or the Federal Court located in Lafayette, Louisiana. (*Id.* at pp. 13-14).

Plaintiffs filed suit against JAL in Louisiana's 27th Judicial District Court for the Parish of St. Landry on March 8, 2021, asserting claims against defendant arising out of the Agreement. (Rec. Doc. 1-3). Plaintiffs' claims against JAL include violations of the Agreement's compensation, attorney's fees, interest and transitional employment provisions. Anticipating JAL's objection to venue, Plaintiffs' petition

2

alleges proper venue in the 27th J.D.C. based on La. R.S. 23: 921(A)(2), pertaining to contracts of employment, which provides that

> [t]he provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

JAL timely removed Plaintiffs' suit pursuant to 28 U.S.C. § 1332, citing complete diversity among the parties and an amount in controversy exceeding the jurisdictional threshold. (Rec. Doc. 1). JAL simultaneously filed the instant motion to transfer venue to the Eastern District of North Carolina. We address the arguments of the parties below.

## Analysis

Federal law governs the enforceability of a forum selection clause. *PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1074 (5th Cir. 2020) citing *All. Health Grp., LLC v. Bridging Health Options*, LLC, 553 F.3d 397, 399 (5th Cir. 2008). The party resisting application of a forum selection clause bears a "heavy

burden of proof[.]" *Haynesworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997). Courts apply a strong presumption in favor of enforcement of mandatory forum selection clauses, upholding the provision unless the opposing party can show its application to be unreasonable. *Id.* A party can show that a forum selection clause is unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;
>
> (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum;
>
> (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or
>
> (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynesworth*, 121 F.3d at 963 citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

Plaintiffs oppose JAL's motion to transfer, asserting unreasonableness under the public policy exception. Citing La. R.S. 23:921(A)(2), Plaintiffs urge this Court to declare the forum selection clause unenforceable because of Louisiana's strong public policy against forum selection clauses in employment contracts. (Rec. Doc. 8 at p. 6).

This Court does not agree. Like federal law, Louisiana law deems forum selection clauses to be presumed enforceable and not *per se* violative of Louisiana

public policy. *Shelter Mut. Ins. Co. v. Rimkus Cons. Group, Inc. of Louisiana*, 148 So.3d 871 (La. 2014). Although Louisiana's public policy disfavors forum selection clauses in traditional employment contracts, the underlying concerns stemming from the unequal bargaining positions employee and employer are generally not present in employment contracts ancillary to contracts for the sale of a business or of assets, as here. In such cases, the parties negotiate an employment contract from more equal and informed positions, obviating the need for the protective policy of La. R.S. 23:921, as applied to both forum selection clauses and non-competition clauses. *In re Gulf Fleet Holdings, Inc.*, 2011 WL 1313901 (W.D. La. 2011); *MedX Inc. of Florida v. Ranger*, 780 F. Supp. 398, 400 (E.D. La. 1991); *In re Gulf Fleet Holdings, Inc.*, 2011 WL 1313901 (W.D. La. 2011); *Sentilles v. Kwik-Kopy*, 652 So.2d 79 (La. App. 4th Cir. 1995).

Support for this reasoning is also found in the fact that Louisiana law does not exercise the same protective prohibition on forum selection clauses in the context of business transactions. As noted by the court in *Vellejo Enterprise LLC v. Boulder Image, Inc.*, Louisiana law permits "commercially sophisticated parties" to select the forum of their choosing regarding business disputes. 950 So.2d 832, 837 (La. App. 1 Cir. 2006) citing *Reynolds v. Paulson,* 03–1884, pp. 7–8 (La. App. 4th Cir. 2004), 871 So.2d 1215, 1220 and *Lejano v. Bandak,* 97–0388, pp. 23–4 (La. 1997), 705 So.2d 158, 170–71, *cert. denied,* 525 U.S. 815, 119 S. Ct. 52, 142

5

L.Ed.2d 40 (1998). The Court notes here that Section 4.4 containing the employment agreement provision upon which Plaintiffs rely for venue purposes is appropriately viewed as part of the larger contract, which has as its object the sale of a business. That is to say, the contract as a whole is not a contract of employment. *In re Gulf Fleet Holdings, Inc.*, 2011 WL 131901 at *7 (declining to apply La. R.S. 23:921(A)(2) to a choice of law provision contained within a "Purchase Agreement"); *Herff Jones, Inc.*, 966 So.2d at 1137 (recognizing an employment agreement as merely "ancillary" to a buyout agreement executed between the parties four (4) days after execution the buyout agreement).

Based on the foregoing, this Court finds that Plaintiffs fail to show that the choice of law provision contained in the Agreement would be an unreasonable violation of Louisiana's public policy as stated in La. R.S. 23:921(A)(2), if applied in this case. The undersigned finds that that language of the forum selection provision found at Section 6.2 of the Agreement between the parties is mandatory and encompasses the several claims of Plaintiffs in this case, as they arise directly from the obligations of the parties under the Agreement. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 616 (5th Cir. 2007) (analysis of forum selection clause requires assessment of validity and scope). For these reasons, this Court will recommend the enforcement of the forum selection clause in this case.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Defendant's motion to transfer venue should be GRANTED based on the choice of venue provision contained within the Agreement between the parties, which the Court finds is valid and enforceable under applicable law and jurisprudence. Accordingly, the undersigned further recommends that this case be transferred to the U.S. District Court for the Eastern District of North Carolina.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of September, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE